IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS SHELTON and <br> STACY SHELTON, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-23-462-D <br> ) <br> ) <br> ) <br> ) <br> ) |

**O R D E R**

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 11] under 28 U.S.C. § 1447(c).[1]  Plaintiffs challenge Defendant's removal of this case to federal court based on subject matter jurisdiction under 28 U.S.C. § 1332(a), by asserting that the amount in controversy does not exceed $75,000.  Defendant has responded in opposition to the Motion, which is fully briefed.[2]

Plaintiffs filed suit against their homeowners' insurer in the District Court of Cleveland County, Oklahoma, on claims of breach of contract and breach of the duty of good faith and fair dealing.  Plaintiffs' petition demanded "(a) Actual and Punitive damages in the amount of $74,000.00; and (b) Prejudgment interest, costs and attorneys' fees."  *See* Pet. [Doc. No. 1-1] at 9.  Defendant removed the case based on diversity

---

[1]  Although not cited by Plaintiffs, this statute governs removed cases and requires the remand of a case whenever it appears the district court lacks subject matter jurisdiction.

[2]  The deadline for filing a reply brief pursuant to LCvR7.1(i) has expired.

jurisdiction under 28 U.S.C. § 1332.  As pertinent to the Motion, the Notice of Removal alleges that Plaintiffs' potential recovery of attorney fees on their breach of contract claim pushes the amount at stake over the jurisdictional threshold.  *See* Notice of Removal [Doc. No. 1], ¶¶ 5-7.

By their Motion, Plaintiffs challenge only whether "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  *See* 28 U.S.C. § 1332(a).  Plaintiffs submit verified statements that they "do not intend to seek damages in an amount exceeding $75,000, inclusive of attorney fees."  *See* Mot. Remand, Exs. 1 & 2 [Doc. Nos. 11-1 and 11-2].  Defendant responds by recounting the allegations in its Notice of Removal and arguing that events occurring after removal, such as Plaintiffs' post-removal stipulation to accept a lesser recovery, cannot defeat jurisdiction.  *See* Resp. Br. [Doc. No. 12] at 2-3, 5-6.

Upon consideration, the Court finds that Plaintiffs' attempt to obtain a remand by reducing the amount of their demand for damages is foreclosed by binding precedent. The Supreme Court held in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014), that the general "notice pleading" standard of Fed. R. Civ. P. 8(a) governs a defendant's notice of removal.  "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 554.  This allegation may be overcome by showing "it is 'legally certain' that the [plaintiff's] recovery . . . will be less than" $75,000.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).  But a sufficient allegation cannot be defeated by "events occurring subsequent to removal which reduce the amount

recoverable." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Specifically, where "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *Id*. at 292.

Here, Defendant plausibly alleged that the amount-in-controversy requirement for diversity jurisdiction was satisfied at the time of removal. Plaintiffs' later attempt to alter their pleading or reduce their demand for damages is insufficient to defeat federal jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 11] is **DENIED**.

**IT IS SO ORDERED** this 26th day of July, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge